# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROBIN OMAHANA, )
on behalf of himself and the class )
defined below, )
                                                                                            )
       PLAINTIFF, )
                                     )         Civil Action No.\_\_\_\_\_
       v. )
                                     )
MIRAMED REVENUE GROUP, )
LLC, )
                                     )
       DEFENDANT. )         Jury Demanded

## CLASS ACTION COMPLAINT

Plaintiff, Robin Omahana, individually and on behalf of all others similarly situated, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant MiraMed Revenue Group, LLC. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

2. Venue in this District is proper because Defendant's collection demand was received here. 28 U.S.C. § 1391, and Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Robin Omahana, ("Plaintiff"), is an individual and resident of Cook County, Illinois, and a "consumer" as defined at 15 U.S.C. §1692a(3) of the FDCPA.

4. Defendant, Miramed Revenue Group, LLC, ("MiraMed" or "Defendant") is a limited liability corporation engaged as a "debt collector" as defined by and within the meaning of the FDCPA, §1692a, engaged in the business of collecting debts in this State where Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone.

5. Defendant MiraMed is a licensed collection agency in the State of Illinois.

## FACTS

6. On or around April 7, 2008, Plaintiff incurred an alleged financial obligation for personal, family or household purposes, and said alleged obligation is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). Namely, Plaintiff incurred a bill from Northwestern Memorial Hospital ("Northwestern"). On information and belief, said bill was incurred for medical treatment rendered to the Plaintiff.

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to MiraMed for collection from the Plaintiff.

8. Defendant sent Plaintiff an initial form collection letter, dated September 4, 2008, demanding payment for a delinquent consumer debt that she allegedly owed to Northwestern. Said letter stated a "Date of Service" of April 7, 2008. (Exhibit A).

9. Said letter dated September 4, 2008 indicated that Plaintiff owed an "Amount Due" of $13, 143.43, a "Discharge Balance" of $28,227.85, and an "Account Balance" of $10,121.16—all said amounts corresponding to an April 7, 2008 date of service and Account #000100890508-001.

10. On the front side of said collection letter, Defendant's letter sets forth, in relevant part, the following:

**Account #:000100890508-001**
**Amount Due: $13,143.43**
**Date of Service: 04-07-2008**
**Discharge Balance: $28,227.85**

11. On the reverse side of said same collection letter, Defendant's letter sets forth, in relevant part, the following:

**Account #:000100890508-001**
**Account Balance: $10,121.16**
**Date of Service: 04-07-2008**

12. The varying amounts owed stated by Defendant, relating to the subject account identified by Account # 000100890508-001, cannot all be correct. Notably, the "amount due" on any given account cannot be more than the "account balance" on that same account.

13. There is no factual or legal basis for at least one of the amounts stated by the Defendant to be owed by the Plaintiff.

14 All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

15. Defendant's collection communications are to be interpreted under the "sophisticated consumer" standard. Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**VIOLATION OF §1692g(a)(1)**
**FAILURE TO STATE ADEQUATELY THE AMOUNT OF DEBT**

16. Plaintiff adopts and realleges ¶¶1-15.

17. Section 1692g(a)(1) of the FDCPA requires that a debt collector, within 5 days of its first communication to a consumer, provide the consumer with a statement of the amount of the debt it is seeking to collect.

18. By stating in its form collection letter three different amounts for the amount of debt—$13, 143.43, $28,227.85, and/or $10,121.16, Defendant violated 1692g(a)(1) of the FDCPA, as Defendant failed to adequately state the total amount of the debt allegedly owed by Mr. Omahana. See. <u>Miller v. MCalla, Raymer, Padrick, Cobb, Nichols, and Clark, LLC</u>, 214 F.3d 872 (7th Cir. 2004).

19. Defendant's violation of §1692g(a)(1) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorney fees under §1692k.

## COUNT II
## VIOLATION OF §1692e(2)(A)
### FALSE, DECEPTIVE AND MISLEADING STATEMENT OF THE AMOUNT OF DEBT

20. Plaintiff adopts and realleges ¶¶1-19.

21. Section 1692e of the FDCPA prohibits Defendant from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Defendant violated §1692e's prohibition by stating three different amounts due for the alleged debt, and also by stating an "amount due" that is higher than the "account balance"—this cannot be true and thus is false. Stating such varying and contradictory amounts is inherently deceptive or misleading to anyone, let alone the unsophisticated consumer. See <u>Veach v. Sheeks</u>, 316 F.3d 690, 693-694 (7th Cir. 2003).

22. Defendant's violation of §1692e(2)(A) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorney fees under §1692k.

## CLASS ALLEGATIONS

23. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Northwestern Memorial Hospital, via the same form collection letter Defendant sent to Plaintiff, (Exhibit A), in which said form collection letter sets forth two or more disparate amounts owed for a given account number set forth in said letter, from one year before the date of the Complaint to the present. This action seeks a declaration that Defendant's form letters violate the FDCPA, and asks that the Court award damages as authorized by §1692k(a)(2) of the FDCPA.

24. Defendant regularly engages in debt collection, using the same form collection letters it sent Plaintiff Omahana, in its attempts to collect delinquent consumer debts from other persons.

25. The Class consists of more than 50 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers the same form collection letters it sent to Plaintiff Omahana.

26. Plaintiff's claims are typical of the claims of the Class. Common questions of law and fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

27. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual

members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

28. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel that have experience in FDCPA litigation, including class actions brought under the FDCPA.

## **PRAYER FOR RELIEF**

Plaintiff, Robin Omahana, individually and on behalf of all others similarly situated prays that this Court:

1. Certify a Class in this matter and appoint Plaintiff as the representative of the Class and his attorneys as Counsel to the Class;

2. Find that Defendant's actions violated the FDCPA;

3. Enter judgment in favor of Plaintiff and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees, as provided by §1692k(a) of the FDCPA; and

4. Grant such further relief as deemed just.

## **JURY DEMAND**

Plaintiff, individually and on behalf of all others similarly situated, demands trial by jury.

 

Robin Omahana, individually and on behalf of all others similarly situated

By: /s/ M. Kris Kasalo
By: /s/ J. Nicolas Albukerk
**ALBUKERK & ASSOCIATES**
3025 W 26th St., Floor 2
Chicago, IL 60623
(773) 847-2600
(773) 847-0330